

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fernando R. Flores, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Wayne R. Andersen |
| v. ) | |
| ) | No. 03 C 7469 |
| Detective: Mark Pawelski; star # 21098, ) | |
| Detective: Federick Sparano; star # 21233 ) | |
| and other John Doe officer(s) ) | |
| (unknown at this time), at the Area-5 District, ) | |
| Chicago Police Station, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Fernando R. Flores ("Flores") brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. Defendants Mark Pawelski and Federick Sparano ("Defendants") have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that the action is time barred. For the following reasons, the court denies Defendants' motion to dismiss.

## I. Standard of Review

A statute of limitations defense may be properly asserted as part of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "when the time alleged in the complaint shows that the action was not brought within the statutory period." *Center Ice of Dupage, Inc. v. Burley's Rink Supply, Inc.*, No. 96 C 5537, 1997 WL 43230, *2 (N.D.Ill.), quoting *Walter v. Leader*, No. 83-C1200, 1987 WL 7257, at *3 (N.D. Ill. Feb. 23, 1987) (Grady, J.) (citation omitted). However, the standard of review remains the same: The court must

assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), *cert. denied*, 530 U.S. 1234 (2000). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988). Dismissal is properly granted only if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II. Facts

On October 22, 2003, Flores filed this action, alleging that police officers violated his constitutional rights beginning with his arrest on March 15, 2002, and continuing through March 18, 2002. The original complaint named "Area 5 District Police Station, and it's Chicago Police Dept. Officer(s)." On November 10, 2003, the court dismissed Flores's complaint and gave him leave to submit an amended complaint. The court advised Flores:

> Plaintiff asks leave to file this action seeking damages against the Area 5 District Police Station and its officers. Plaintiff has a slight problem, however. He does not know the names of the police officers who allegedly violated his constitutional rights, and the police station is merely a building and cannot be sued. Plaintiff cannot obtain damages from defendants unless he serves them personally with summons and he cannot serve them if he does not know who they are. To allow plaintiff leave to proceed on the complaint as it now stands would therefore get him nowhere.
> In this circuit, the court recognizes a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the

deprivation underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of their immediate supervisor. *Duncan v. Duckworth*, 644 F.2d 653, 654 (7th Cir. 1981). Consequently, if plaintiff wants to pursue his claim, he should amend the complaint to add as defendant a supervisory official or administrator who is in a position to identify the police officer defendants. Once plaintiff has obtained service on the supervisor, he may send to the attorney representing the supervisor interrogatories, *i.e.*, a list of questions, eliciting information regarding the identity of the defendants who allegedly violated his constitutional rights. Once he learns defendants' identity, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summons will then issue for service on defendants in interest and the supervisory defendant will be dismissed.

On November 24, 2003, Flores submitted his amended complaint in which he named "Watch Commander; Captain Fatch and the John Doe Officers(s) (unknown at this time) under His Command at the Area 5 District, Chicago Police Station et al." On November 25, 2003, the court granted Flores leave to file the amended complaint and directed the clerk to issue summons.

The docket entry for December 10, 2003, states: "Return of service of summons and amended complaint by U.S. Marshal executed as to defendant Captain Fatch on 12/2/03."

Nothing further happened in this action until April 6, 2004, when the court issued the following order:

> The court has been informed that there is no police officer by the name of Fatch at the Area 5 District Chicago Police Station. Plaintiff is given until May 6, 2004, to submit an amended complaint naming a defendant who can be sued. If plaintiff does not submit an amended complaint, this action will be dismissed.
> In this circuit, the court recognizes a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the deprivation underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of their immediate supervisor. *Duncan v. Duckworth*, 644 F.2d 653, 654 (7th Cir. 1981). Consequently, if plaintiff wants to pursue his claim, he should amend the complaint to add as

3

defendant a supervisory official or administrator who is in a position to identify the police officer defendants. **In this particular case, this may be the Superintendent of Police or the City of Chicago.** Once plaintiff has obtained service on the supervisor, he may send to the attorney representing the supervisor interrogatories, *i.e.*, a list of questions, eliciting information regarding the identity of the defendants who allegedly violated his constitutional rights. Once he learns defendants' identity, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summons will then issue for service on defendants in interest and the supervisory defendant will be dismissed.

On April 29, 2004, Flores submitted his second amended complaint in which he named "Detective Mark Pawelski, Star No. 21098 and Detective Federick Sparano, Star No. 21233."

## III. Analysis

Defendants argue that Flores's action is time barred because he did not file his second amended complaint naming the proper defendants until after the statute of limitations expired.

The statute of limitations for § 1983 actions arising in Illinois is two years. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), citing *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F.Supp. 200, 201-02 (N.D. Ill. 1989).

Although state law governs the length of the statute of limitations, federal law governs the accrual date of the cause of action. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). A claim generally accrues when the plaintiff knows or has reason to know of the injury. *Id.* Flores was aware of his alleged constitutional injuries, in particular, that the police officers used excessive force, no later than March 18, 2002, which would be when his cause of action accrued. *See also Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998) (application of excessive force

4

violates the Constitution and is immediately actionable). Flores had until March 18, 2004, to file his action, naming the proper defendants. Flores's action is therefore time barred unless the statute of limitations is tolled or estopped.

In response to Defendants' motion to dismiss, Flores makes a number of arguments as to why his second amended complaint should not be deemed untimely. The court will address only the argument that the statute of limitations should be equitably tolled because it finds this argument persuasive.

The doctrine of equitable tolling allows a "plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 561 (7th Cir. 1996) (*quoting Singletary v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236 (7th Cir. 1993)). Specifically, this doctrine applies when a plaintiff knows he was injured, yet is unable to learn the injurer's identity "despite all reasonable diligence." *Id.* at 562.

Flores diligently attempted to discover the names of the police officers. He describes his many efforts in his response. He named "Captain Fatch" in his first amended complaint after he asked another individual, Patricia Conlon, to call the Area 5 District Police Station in order to find out who the watch commander was. She called on November 18, 2003, and an Officer Howard allegedly told Conlon that Captain Fatch was the supervisor. Flores claims that he therefore named Captain Fatch on his first amended complaint in good faith and in reliance on the information he had received. He therefore did as the court had directed him, that is, he

5

named who he thought was a supervisory official or administrator in a position to identify the police officer defendants.

Service was accepted as to Captain Fatch on December 2, 2003, by a representative of the City of Chicago Legal Affairs Division. After several months had passed and no one had filed an appearance on behalf of Captain Fatch, the court made its own inquiry. The court was informed that no such person as Captain Fatch existed. The court then issued its April 6, 2004, directing Flores to amend, which he did on April 29, 2004.

Defendants argue that Flores states in his response at p. 10 that "a couple of months after filing my first amended complaint [on November 24, 2003], I obtained by other means the names of the two main officers that I was seeking because they were the main perpetrators." He therefore discovered the names of the officers sometime in late January or early February of 2004, before the statute of limitations would have run on March 18, 2004. However, he did not submit his second amended complaint until after the statute of limitations expired.

Flores claims that he did not seek leave to amend because he had not received any orders from the court. He thought everything was fine with the complaint and that the court was allowing the defendants time to prepare a defense or response. Flores's response at p. 10.

The court has carefully reviewed its November 10, 2003, order. In it, the court gave Flores the method most commonly used to find the names of unknown defendants. However, the court did not caution Flores that if he discovered the names of the proper defendants by some other means, he should immediately file an amended complaint. The court can see how a *pro*

*se* litigator could have interpreted this order as meaning that he needed to follow the procedure outlined before he could file an amended complaint.

There is also the matter of the failure of the representative of the Legal Affairs Department to inform the court sooner that no such person as "Captain Fatch" existed. Although Flores argues that this delay was intentional, the court thinks it more likely that it was a bureaucratic snafu. However, when a representative accepts service on the part of a named individual, both the court and the litigant should be able to rely on this information.

After due consideration, the court finds that the statute of limitations should be equitably tolled under the particular circumstances of this case.

## IV. Conclusion

For the foregoing reasons, the court denies defendants Mark Pawelski and Federick Sparano's motion to dismiss for untimeliness. Defendants are given 20 days to answer or otherwise plead to the second amended complaint.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 7, 2005