IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 26 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FERNANDO R. FLORES, )
    Plaintiff, )
vs. )
     )  JUDGE WAYNE R. ANDERSEN
DETECTIVE MARK PAWELSKI, STAR NO. )
21098, DETECTIVE FEDERICK SPARANO )  No. 03 C 7469
STAR NO. 21233, AND OTHER JOHN DOE )
OFFICER(s) (UNKNOWN AT THIS TIME), )  AND
AT THE AREA 5 DISTRICT, CHICAGO )
POLICE STATION. ET AL. )  MAGISTRATE JUDGE MARIA VALDEZ
    Defendants. )

## PLAINTIFF'S SETTLEMENT LETTER

Now comes plaintiff Fernando R. Flores, acting herein pro-se, and hereby is submitting his settlement conference letter. In support thereof, plaintiff states as follows:

(A) Plaintiff states that his claims will be corroborated by:

(1) Hospital records/Bills (from 3 different hospitals, which will prove his injuries and condition), The facts of these hospital records will contradict defendant's denials, and in particular a testimony taken from a deposition by a doctor Takeyasu.

(2) Testimony of witnesses (Francisco and Kassandra Caceres), that observed not only some of the incident on how plaintiff was treated by defendant's at the time of his warrantless arrest and search of his home, without a consent form in evidence, but also how they were treated by the defendant's and how their Constitutional rights were

1.

also violated, which will substaniate the police misconduct and their over zealous, illegal and bogus behavior.

(3) By depositions of officers, photos of plaintiffs injuries as well as his other claims; Depositions of Marcus Cadiz and Louise paoli, and the lack of plaintiff being able to depose these witnesses, and the contradiction of records, facts, and testimony by depositions.

(4) The fact that Marcus Cadiz deposition is not even signed and was not waived, but instead signature was reserved, and that Francisco Caceres Sr. deposition was never forwarded by the defendant's attorney(s) to him to examine as he requested for he can sign it, which will also add to the proof of plaintiff's claims.

(5) The fact that defendant's affirmative defense of qualified Imunity are frivolous/eroneous, due to the fact that both warrantless searches and seizures as well as excessive force was/is clearly established law, and against Municipal policy some of which will clearly shock the conscience and establish liability on the officer(s) and supervisors both individually and in their official capacities. See Gonzales v. Entress.

(6) Plaintiff will also establish his 5th and 6th Amendment Right that were violated, and they will be proven not only from his testimony, but by the testimony of other witnesses, police reports, phone records etc;

2.

(which have been previously disclosed to the defendant's attorney as discovery material, and some was also submitted to the court at the beginning of these pleadings/case.

(7) Evidence will also be enough to show claims/facts that are disputed between parties, and that can only be fully examined by cross examination of witnesses, Exibits of facts, photos, reports etc, at a hearing or trial in the search for the truth and in fulfilment of Justice, which is or should be the primary concern/obligation of the courts and it's officer(s).

(8) Plaintiff also believes that if this case was to go to trial, relief would be granted on:

(1). The fact that the officers not only had custody of plaintiff (and therefore are responsible for his well being) at the time of his medical problems/condition that he was in, but also because of their total negligence to follow orders/recommendation of physicians, hospital and social worker, and their blatant disregard to plaintiff's health, well being and safety. And the evidence that plaintiff has will clearly show and corroborate that they intentionally, willingly and knowingly caused the plaintiff harm and suffering that even might of caused death (and almost did) by them choking him several times till he passed out, hitting him, not giving him his medication under his conditions, and by their continuing interrogation and aggravation by their coercive and abusive tactics which in turn caused his suicide attempt.

(2) That the plaintiff has hospital records and bills of this incident, and receipts of Deposition taken, paid postage, Filing and Legal photocopies cost etc, that he has incurred, because of this whole ordeal, and the lack of defendant's willingness to resolve this matter, and

(3) The physical, mental and emotional pain and suffering plaintiff has endured not only at the time of the incident, but beyond to the present date some of those injuries/damages still affect him. which will be substantiated/reflected not only by hospital records, but by plaintiff's own testimony as well as testimonies by other witnesses, photos etc.

(C) Items/Document List of Costs/fees and Damages incurred and terms to be agreed to are as follows:

| Items/Documents. | Costs/Fees. |
|---|---|
| 1. Receipt/bill, for photocopies and postage fees to 12/13/05. | $142.69 |
| 2. Receipt/bill for copy of a deposition transcript etc. | $538.15 |
| 3. The order for court Filing fees. | $150.00 |
| 4. Hospital bill/statements from "Our Lady of the Ressurrection Medical Center." | $2,398.25 |
| 5. Receipts for photocopies and postage fees from 12/14/05 to 06/21/06. | $25.17 |

4.

6. plaintiff is also asking for damages in the area/aspects of pain and suffering, and for physical injuries as well as mental and emotional stress, and for the violations of his and his family's Civil Rights, in the amount of: $5,000.00

Bringining the total costs/fees etc, as to date to a demand of. Total: $8,254.25

plaintiff is also asking for the following terms to be agreed to: (i) That all court cost in this case/suit/proceedings be covered by either the defendant's or the city of Chicago. and (ii) For all money(s) that plaintiff will receive to be exempt from taxes, and any court costs/fines/fees from (Federal or state) and I.D.O.C.

Please also note: that items/documents numbered 1 through 4, have been previously submitted to the defendant's attorney(s), and the court on 12/14/06, respectively as Exibits A, B, C, and D., also note that the Receipts etc., reffered to in number 5 on this list will be submitted to defendant's at their request.

Wherefore, plaintiff is asking for a settlement demand of a total of $8,254.25 to cover his incurred expenses, costs, fees, bills etc. of the following: (1) Hospital bill, (2) Deposition taken, (3) postage, Filing/Legal photocopies fees, and (4) For his physical, mental and emotional pain and suffering that he had to endure throughout this whole ordeal, as well as other terms previously stated in this letter. plaintiff is also open to suggestions by defendant's attorney(s).

5.

Respectfully　　　/S/ Fernanda R. Howes
submitted:　　　　Plaintiff, pro-se

## MEMORANDUM OF LAW

Plaintiff would like to state the following in this memorandum of Law:

(1) In Robinson v. Solmo County, 278 F.3d 1007, 1015 (9th Cir. 2002) (en banc). ("The development of law with respect to arrest and detentions now allows us to recognize as a general principle that pointing a gun to the head of an apparently unarmed suspect during an investigation can be a violation of the Fourth Amendment, especially where the individual poses no particular danger. Also see: Monroe v. Pape 365 U.S. and Rutherford v. City of Berkeley 780 F.2d. In the present case it even goes further, as I was hit, put face down on the ground, handcuffed very tightly and stepped on forcefully etc.

(2) Also see: Hope v. Pelzer, 122 S.Ct. (U.S. 2002): where the court reinforced its position in U.S. v. Lanier "That officials can still be on notice that their conduct violates established law even in novel factual circumstances" and that a plaintiff need not produce precedent with "fundamentally similar" or "materially similar" facts in order to defeat immunity. Also see 18 USC: §242.

(3) In Hobson v. Wilson 737 F.2d and see also California Attorneys for Criminal Justice v. Butts, 145 F.3d, where it states:

("The fact that Los Angeles and Santa Monica may have trained their police to violate the rights of individuals does not provide any defense for these officers. Their policy contradicts the safeguards provided by "<u>Miranda</u>", and at the very least, is in direct conflict with cooper.... Furthermore, training officers that inadmissable statements may nevertheless be used for impeachment purposes hardly sanctions this tactic of routinely and intentionally ignoring request to speak to an attorney"). Which is a similar issue to plaintiff's (Fernando R. Flores) claims in this case, that he reapeatedly requested to talk to an attorney, and was continually denied and ignored.

(4) In Siebert v. Severino, 256 F.3d. (7th Cir. 2001) it states: ("This case seems to fit within the 'obivious' scenario - a reasonable state actor would know that he cannot enter a fenced-in, closed structure located within 60 feet of a person's house without a warrant or some exception to the warrant requirement"): which c.f. to plaintiff's case is somewhat similar when officers decided to enter my front yard which was fenced-in, and then go into my home, after they were told not to by my brother and I never gave them consent either. Furthermore, testimony will prove that my mother was coerced and there is no consent form in evidence. Also see: Brokaw v. Mercer County, 235 F.3d (7th Cir. 2000), ("Some governmental actions are so clearly beyond the pale that a reasonable person should have known of their unconstitutionality even without a closely analogous case").

7.

(5) In Clement v. Gomez, 298 F.3d (9th Cir. 2002), ("The general law regarding the medical treatment of prisoners was clearly established at a time of the incident. And in Walker v. Benjamin, 293 F.3d (7th Cir. 2002) it states: "If there are genuine issues of fact concerning certain 'elements' which plaintiff has claimed in this case, 'a defendant may not avoid trial on the grounds of qualified immunity").

(6). In respect to the "clearly established right" standard, the court stated in Anderson v. Creighton; "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Which in this present case the unlawfulness of defendant's violating my rights are: (1) By not following medical recommendations/instructions, and disregarding my medical needs, (2) Ignoring my constant request to talk to an attorney and make a phone call to family/attorney, (3) Chooking plaintiff, hitting him etc., is clearly apparent.

(7) In Rowe v. City of Fort Lauderdale, 279 F.3d (11th Cir. 2002) it states: ("Case law is not always necessary to clearly establish a right. A right may be so clear from the text of the constitution or federal statue that no prior decision is necessary to give clear notice of it to an official.... Also a general constitutional rule set out in preexisting case law may apply with

8.

obivious clarity to the specific circumstances facing the official.... The officials conduct may be so egregious that an objective and reasonable official must have known it was unconstitutional even without any fact-specific caselaw on point." This conduct talked about in this case is particular in refrence to my claims on my case in respect to the chooking, hitting of plaintiff, knowing he had asthma, breathing problems and pneumonia etc, at the time of the incident which conduct is clearly egregious.

(8) In priester v. city of Riviera Beach, 208 F.3d (11th Cir. 2000) it states ("A narrow exception exist to the rule requiring particularized caselaw to establish clearly the law in excessive force cases. When an excessive force plaintiff shows 'that the officials' conduct lies so obiviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw', the official is not entitled to the defense of qualified immunity.") Again this is particular in refrence to the chooking/hitting done to the plaintiff by defendant's in this case. In Anderson v. Romero, 72 F.3d (7th Cir. 1995) ("A constitutional violation that is so patent that no violater has even attempted to obtain an appellate ruling on it can be regarded as clearly established even in the absence of precedent"). And lastly in Grendell v. Gillway, 974 F. Supp 46, the Court stated: "That even in the absence of precendent, conduct that shocks the conscience is so patently egregious that the constitutional right it violates is necessarily clearly established, and that a reasonable officer should know that his conduct violates that right."). In the present case chooking the plaintiff

9.

that suffers from asthma, had pneumonia etc, (which could have caused his death and almost did) clearly shocks the Conscience (Emphasis added).

## PROOF OF SERVICE

TO: MARY McCAHILL
Department of Law (Room 1400)
Individual Defense Litigation
30 North Lasalle St.
Chicago, Illinois. 60602

TO: Magistrate Judge
Maria Valdez (Room 1300)
United States Court House
219 S. Dearborn, St.
Chicago, Illinois. 60604

Documents submitted: Settlement confrence Letter with Memorandum of Law.

Service was accomplished by placing the above documents in a envelopes to the persons addressed as shown herein, and then placing said envelope in the U.S. Mail at the Graham Correctional Center, Hillsboro, IL, 62049. An authorization conforming to the Illinois Department of Corrections regulations for the pre-payment of first-class postage was attached to the aforesaid legal envelope; Said envelope and the authorization were deposited in the institutional mailing system for outgoing legal mail on the 22nd day of June, 2006.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. 28 U.S.C. §1746; 18 U.S.C § 1621.

P.O. Box 499, Reg. No B-11472
Graham Correctional Center
Hillsboro, IL. 62049.

/S/ Fernando R. Flores
Plaintiff, PRO-SE

10.

Please accept my apologies for the short delay but I had to wait to get copies of this letter and library or the law library was closed on my last assigned date to go to it. I also have other issues to address and I hope and pray that I am able to address them at the confrence both to defendant's counsel as well as your Honor.

Respectfully/Sincerely

Zernonda R. Hewett