FILED
SEP 1 2 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASE NUMBER: 03-C-7469

## DECLARATION
### NOTICE OF FILING & PROOF OF SERVICE

I, _Fernando R. Flores_, have prepared this Declaration in accordance with the provisions of FRAP 25(a)(2)(C) [Inmate Filing], FRAP 25(d) [Proof of Service], 28 U.S.C. §1746 [Unsworn Declarations Under Penalty of Perjury], and 18 U.S.C. §1621 [Perjury Generally].

NOTICE OF FILING is hereby given to the following parties:

TO: Clerk of the Court
U.S. District Court, for the Northern District of Illinois, Eastern Division, prisoner Correspondence, 219 South Dearborn Street, Chicago IL. 60604

TO: Mary McCahill
Department of Law
Individual Defense Litigation
Room 1400
30 North LaSalle St.
Chicago, IL. 60602

TO:

TO:

PLEASE TAKE NOTICE that on the date shown below I have filed the original and _2_ copies of the documents listed hereafter with the above Court, and served one copy on the parties (or counsel) at their respective addresses listed above. The documents mailed are as follows:

1. Motion for order to Enforce the Release and Settlement
2. Agreement etc.
3.
4.
5.
6. (please send one copy back to me stamped/mark Received or Filed).

### PROOF OF SERVICE

Service was accomplished by placing the above documents in envelopes addressed as shown herein, and then placing said envelopes in the U.S. Mail service at the Graham Correctional Center, Hillsboro, IL, 62049. An authorization conforming to Illinois Department of Corrections regulations for the pre-payment of first-class postage was attached to the aforesaid legal envelopes. Said envelopes and the authorization were deposited in the institution's mailing system for outgoing legal mail on the _6th_ day of _September_, 200_6_.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

/s/ _Fernando R. Flores_
Box _499_, Reg.No. _B-11472_
Graham Correctional Center
Hillsboro, IL 62049

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

SEP 1 2 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FERNANDO R. FLORES,

 Plaintiff,

vs.

DETECTIVE MARK PAWELSKI, STAR NO. 21098, DETECTIVE FREDERICK SPARANO STAR NO. 21233, AND OTHER JOHN DOE OFFICER(s) (UNKNOWN AT THIS TIME), AT THE AREA 5 DISTRICT, CHICAGO POLICE STATION. ET AL.

 Defendants.

JUDGE WAYNE R. ANDERSEN

No. 03 C 7469

AND

MAGISTRATE JUDGE MARIA VALDEZ

MOTION FOR ORDER TO ENFORCE THE RELEASE AND SETTLEMENT CONTRACT/AGREEMENT AS STATED AND UNDERSTOOD, BOTH IN THE SETTLEMENT CONFERENCE AND OPEN COURT.

Now comes Fernando R. Flores, acting herein Pro-Se, and hereby humbly and respectfully request that the court, the Honorable Judge Wayne R. Andersen, or the Magistrate Judge Maria Valdez, enforce the release and settlement contract/Agreement made with Defendant's attorney(s) by an order, as stipulated and understood by the plaintiff both in the settlement conference and in open court. In support thereof plaintiff states as follows:

(1) On July 7th, 2006; A settlement Agreement was reached, after a settlement conference was held with all parties. This Agreement basically stated, that money(s) would be payed to the plaintiff (and no one else) by check within sixty (60) days after the case was dismissed,

1.

and the Release and Settlement Agreement etc; are signed by the plaintiff after he was able to review them for signature. ( please see Docket entry of 07/07/06, attached hereto as Exibit(A).

(2) However, none of these terms of the Release and Settlement Agreements forms etc. was stated by defendant's attorney(s) in open court, and plaintiff did not sign any document until he would be able to review these terms/documents.

(3) When plaintiff finally received these documents, which he was not able to review in open court, he did not agree to some of the terms stated on these documents, and plaintiff has written 3 letters to the defendant's attorney(s) trying to work out the small details to be corrected before he signed any agreement.

(4) On plaintiff's final letter to the defendant's attempting to resolve the differences or details between the parties of the Release and Settlement Agreement form etc; without trying to involve or bother the court, the plaintiff's attempts were unsuccessful; Therefore, plaintiff for the Court's convenience is now submitting a copy of this letter, and Release and Settlement Agreement documents, to the court for a complete understanding of his small request to change or omitt just a few words of a sentence in the Release and Settlement Agreement/contract to conform to the Agreement, and which was previously mailed to the defendant's attorney(s). ( please see: plaintiff's letter and Realease and Settlement Agreement documents etc; attached hereto as Exibits (B) and (C) Respectively.

2.

However, defendant's attorney(s) responded with a letter denying his simple request once again. (please see: Defendant's attorney(s) letter, attached hereto as Exibit (D)).

(5) As can be seen the defendant's attorney(s) have also ignored plaintiff's constant request of his right to know if there exist any notices of any liens etc; to the City of Chicago; And his request that the Release and Settlement Agreement reflect that the money/check of the settlement be paid to the plaintiff and no one else, as was agreed to both at the Settlement Conference (conducted by Judge Maria Valdez) and in open Court within sixty (60) days of signing/dismissal of this case. (please see: plaintiff's letter to defendant's attorney(s), attached hereto as Exibit (B) for further details of the terms/circumstances in question).

(6) Furthermore, there is also another conflicting situation and that is, that this case was dismissed purswant to settlement on August 7th, 2006, by the Honorable Judge Wayne R. Andersen. (please see Exibit (E)); therefore, plaintiff has no other choice but to submit this Motion to the Court, and since he is not sure if it should be addressed to Judge Wayne. R. Andersen or Judge Maria Valdez, he is addressing this motion to both the Honorable Judges or the Clerk of the Court to File or present it to the appropiate authority.

(7) AND lastly, plaintiff has also attempted to resolve this issue by having a family member calling both the Court and defendant's attorney(s),

3.

, but to no avail and appropiately the court and defendant's attorney(s) were not willing to release any kind of information to anyone but the plaintiff.

Wherefore, plaintiff hopes and prays that the court grants this Motion and enforces that money(s) be paid to the plaintiff (and no one else) as was agreed to, at both the Settlement Conference and in open court as he understood it, without breaching the contract, and that he be informed of any notices of liens/claimants etc; that the City of Chicago or any other entity, corporation etc, may have if any, of the money(s) to be received by the plaintiff.

Respectfully/Humbly Submitted:
/s/ Fernando R. Flores
Plaintiff PRO-SE.

Fernando R. Flores # B-11472
P.O. Box 499
Graham Correctional Center
Hillsboro, IL; 62049

4.

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 2.5
Eastern Division

Fernando R Flores

                      Plaintiff,

v.

John Doe, et al.

                      Defendant.

Case No.: 1:03-cv-07469
Hon. Wayne R. Andersen

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 7, 2006:

      MINUTE entry before Judge Maria Valdez : Settlement conference held on 7/7/2006. Magistrate Judge Status hearing held on 7/7/2006 on settlement agreement. The parties have reached a settlement agreement. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge. Judge Maria Valdez no longer referred to the case.Mailed notice(yp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

Exibit A)

Dear Ms. Mary McCahill,  August-15, 2006.

This letter is a follow-up reponse letter to your letter of August 3rd, 2006, which I received on Agust 11th, 2006, regarding your response to my concerns and request to make certain changes in the settlement document, which you could not accomodate me with and have denied my request.

In your letter you state that the language regarding lien claimants cannot be altered because the city of Chicago has a legal obligation to make the check payable to any lien claimants of which they have notice, as you claim.

However, I also know that the city of Chicago and the defendants also have a legal obligation to make the check payable to me and only me. For this is what was understood by me by the Honorable Magistrate Judge Muria Valdez at the Settlement confrence; in which I particurlarly asked her, if that money/check would be made out to me, and she said "yes". I also stated about doing this transfer of money within 60 days, and that I would not have to pay any other court cost etc, in which she also said thats correct.

Exibit (B)

1.

Furthermore, in open court I was led to believe that this was the agreement and contract under this settlement; Therefore, paying out any lien claimants, any persons, entity or corporation would breach the contract/agreement as it was understood by myself (the plaintiff), and this agreement also was not fully stated in open court neither by Defendant's attorney(s) or by plaintiff.

Also Ms. McCahill, I don't appreciate trying to be played by the City, its attorney(s) or the Defendants, and I have previously expressed that "I know they (the City/Defendants) are already getting away with breaking the law and/or criminal activity by exchanging a payment of peanuts 'so to speak' for this Dismissal.

In addition, even the last sentence of paragraph 7 of this release and settlement agreement does not have to be changed as I previously requested. And only a few words of the last sentence of paragraph 6 would have to be deleted or stricken, (which plaintiff has already made the necessary change), and the last sentence of paragraph 6 should read as follows: "<u>The settlement check will be made payable to plaintiff</u>.", and the following words from this sentence also deleted: "<u>and lien claimants, if any, of which the city has notice</u>". By doing this simple request all parties should be accommodated in accordance to the actual agreement and/or contract as understood by them.

Wherefore, plaintiff will be satisfied with the deal and/or

2.

settlement commensurated, and the city/defendants are still covered from any expenses, any lien claimants, any persons, entity or corporation as stated in the language of paragraph 7 of this release and settlement agreement.

Moreover, if plaintiff cannot get any cooperation from corporation counsel(s), the city of Chicago or Defendants in this simple request or they do not respond to this letter and the signing of this agreement (in which plaintiff has made the necessary correction which reflects his only objection and stipulation according to the settlement agreement as he understood it when it was made and as he understands it now), within 2 weeks of the date stated on this letter, then he will take-up or submit his concerns, and complaints with copies of these letters and documents to the court (i.e. to both Magistrate Judge Maria Valdez and District Judge Wayne R. Andersen) as well as 2 other motions he is preparing for this matter.

And lastly plaintiff would also like to know as he is entitled to, if any such notices exist that the city of Chicago has pending, of any lien claimants, expenses, or any persons, entity or corporation that has any claims on money to be received by the plaintiff.

Sincerely/Respectfully: Fernando R. Vences

witnesses: (1) Nestor Perez #B75575  8-15-06.
(2) Miguel A. Hernandez #K89833  8-15-06.

3.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERNANDO R. FLORES, pro se | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 03 C 7469 |
| vs. | ) |
| | ) |
| DETECTIVE MARK PAWELSKI, STAR NO. | ) |
| 21098, DETECTIVE FEDERICK SPARANO | ) |
| STAR NO.21233, AND OTHER JOHN DOE | ) JUDGE ANDERSEN |
| OFFICER(S) (UNKNOWN AT THIS TIME), | ) |
| AT THE AREA 5 DISTRICT, CHICAGO | ) MAGISTRATE JUDGE VALDEZ |
| POLICE STATION. ET AL. | ) |
| | ) |
| Defendant. | ) |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff, Fernando R. Flores, pro se, and the City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and defendants, Mark Pawelski and Frederick Sparano by one of their attorneys, Mary McCahill, Assistant Corporation Counsel, herein stipulate and agree to the following:

1. This action has been brought by Plaintiff, Fernando R. Flores, pro se, against defendants, Mark Pawelski and Frederick Sparano and makes certain allegations contained in Plaintiff's Complaint.

2. Defendants deny each and every allegation of wrongdoing as stated in Plaintiff's Complaint, and, further, deny liability.

3. The parties acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City of Chicago's future,

*Exibit (C)*

current or former officers, agents and employees. The parties further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff, pro se, agrees that he shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, Plaintiff, Fernando R. Flores, pro se, agrees to dismiss with prejudice all of his claims against defendants, Mark Pawelski and Frederick Sparano, with each side bearing its own costs and attorneys' fees.

5. Plaintiff, Fernando R. Flores, accepts a settlement from defendants, in the total amount of FOUR THOUSAND FIVE HUNDRED AND NO/100 ($4,500.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

6. The City of Chicago agrees to pay Plaintiff the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the Agreed Order of Dismissal. This sum shall be payable solely by the City of Chicago, and Plaintiff agrees that he will not seek payment from any source other than the City of Chicago. The settlement check will be made payable to Plaintiff.

7. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not limited

to, the individual defendants, Mark Pawelski and Frederick Sparano, from any claims, losses, damages or expenses, including attorneys fees and costs incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by Plaintiff under the settlement entered pursuant to this Release and Settlement Agreement.

8. Plaintiff understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, Plaintiff does hereby release and forever discharge on behalf of himself his heirs, executors, administrators and assigns, all claims he had or has against defendants, Mark Pawelski and Frederick Sparano, and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims he had, has, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

9. This Release and Settlement Agreement and any documents that may be executed under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

10. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

11. In entering into this Release and Settlement Agreement, Plaintiff represents that he

understands the terms of this Release and Settlement Agreement and that terms are fully understood and voluntarily accepted by Plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he has the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

12. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

_Fernando R. Flores_
Fernando R. Flores, plaintiff, pro se

Address: _P.O. Box 449, Graham Correctional Center, Hillsboro, IL. 62049_

Date of birth: _02/06/69_

*SSN: _____

DATE: _08/15/06_

*Providing SSN is voluntary

CITY OF CHICAGO
a Municipal Corporation

Mara S. Georges
Corporation Counsel
Attorney for City of Chicago

BY: _____
Jeffrey Given
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1600
Chicago, Illinois 60602
(312) 744-6922
Atty. No.

_____
Mary McCahill
Assistant Corporation Counsel
Attorney for defendants
Mark Pawelski and Frederick Sparano
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-6404
Attorney No. 6277989

DATE: _____

4

current or former officers, agents and employees. The parties further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff, pro se, agrees that he shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, Plaintiff, Fernando R. Flores, pro se, agrees to dismiss with prejudice all of his claims against defendants, Mark Pawelski and Frederick Sparano, with each side bearing its own costs and attorneys' fees.

5. Plaintiff, Fernando R. Flores, accepts a settlement from defendants, in the total amount of FOUR THOUSAND FIVE HUNDRED AND NO/100 ($4,500.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

6. The City of Chicago agrees to pay Plaintiff the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the Agreed Order of Dismissal. This sum shall be payable solely by the City of Chicago, and Plaintiff agrees that he will not seek payment from any source other than the City of Chicago. The settlement check will be made payable to Plaintiff and lien claimants, if any, of which the City has notice.

7. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not limited

2



The above were the only change that plaintiff has admitted and has not agreed to.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDO R. FLORES, pro se | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 03 C 7469 |
| vs. | ) | |
| | ) | |
| DETECTIVE MARK PAWELSKI, STAR NO. 21098, DETECTIVE FEDERICK SPARANO STAR NO.21233,AND OTHER JOHN DOE OFFICER(S) (UNKNOWN AT THIS TIME), AT THE AREA 5 DISTRICT, CHICAGO POLICE STATION. ET AL. | ) ) ) ) ) ) | JUDGE ANDERSEN<br><br>MAGISTRATE JUDGE VALDEZ |
| | ) | |
| Defendant. | ) | |

### STIPULATION TO DISMISS

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by their respective attorneys of record, that this matter has been settled pursuant to the Release and Settlement Agreement filed herewith and, therefore, this cause should be dismissed with prejudice and with each party bearing its own costs and attorneys' fees in accordance with the terms of the Release and Settlement Agreement and the Agreed Order of Dismissal.

Respectfully submitted,

_[signature: Fernando R. Flores]_
Fernando R. Flores, plaintiff, pro se

Address: _p.o. Box 499 Graham Correctional Center, Hillsboro, IL. 62049_

Date of birth: _02/06/69_

*SSN: _____

DATE: _08/15/06_

Mary McCahill
Assistant Corporation Counsel
Attorney for defendants, Detectives Pawelski and Sparano
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-6404
Attorney No. 6277989

DATE: _____

*Providing SSN is voluntary

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERNANDO R. FLORES, pro se ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 03 C 7469 |
| vs. ) | |
| ) | |
| DETECTIVE MARK PAWELSKI, STAR NO. ) | |
| 21098, DETECTIVE FEDERICK SPARANO ) | |
| STAR NO.21233,AND OTHER JOHN DOE ) | JUDGE ANDERSEN |
| OFFICER(S) (UNKNOWN AT THIS TIME), ) | |
| AT THE AREA 5 DISTRICT, CHICAGO ) | MAGISTRATE JUDGE VALDEZ |
| POLICE STATION. ET AL. ) | |
| ) | |
| Defendant. ) | |

## AGREED ORDER OF DISMISSAL

This matter coming before the Court on the Stipulation of the parties, the parties having reached agreement to settle this matter, Plaintiff, Fernando R. Flores, pro se, and defendants, Mark Pawelski and Frederick Sparano, by one of their attorneys, Mary McCahill, Assistant Corporation Counsel, and the parties having entered into a Release and Settlement Agreement and Stipulation to Dismiss, the Court, after reviewing the Release and Settlement Agreement, finding it to be fair and reasonable, and being otherwise fully advised in the premises, hereby incorporates the terms of the Release and Settlement Agreement herein and further orders as follows:

1. All of the claims of Plaintiff, Fernando R. Flores, against defendants, Mark Pawelski and Frederick Sparano, are dismissed with prejudice and with each side bearing its own costs and attorneys' fees in accordance with the terms of the Release and Settlement Agreement.

2. The Court retains jurisdiction to enforce the provisions of the Release and Settlement

Agreement filed herein and this Agreed Order of Dismissal.

ENTER:_____
JUDGE WAYNE R. ANDERSEN
UNITED STATES DISTRICT COURT

DATED:_____

Mary McCahill
Assistant Corporation Counsel
30 North La Salle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-6404
Attorney No. 6277989

2



**City of Chicago**
Richard M. Daley, Mayor

**Department of Law**

Mara S. Georges
Corporation Counsel

Individual Defense Litigation
Suite 1400
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 742-6433
(312) 744-6566 (FAX)
(312) 744-9104 (TTY)

http://www.cityofchicago.org

August 23, 2006

Fernando Flores, *pro se*
BOX 499, REG. NO. B-11472
GRAHAM CORRECTIONAL CENTER
HILLSBORO, ILLINOIS 62049

Re:   <u>Fernando Flores v. Pawelski and Sparano</u>, 03 C 7469

Dear Mr. Flores:

This is in response to your August 15, 2006 letter regarding the release and settlement agreement in the above-referenced matter. As explained in my previous correspondence, I am unable to accommodate your request to change the language of the release in the manner you require. Specifically, the language regarding lien claimants cannot be altered because the City of Chicago has a legal obligation to make the check payable to any lien claimants of which they have notice. Therefore, I cannot sign the settlement documents which you altered and sent back to me.

For your convenience, please find enclosed another copy of the Release and Settlement Agreement, Stipulation to Dismiss and Agreed Order of Dismissal. Please sign and return these documents to me at your nearest convenience, so that I can deliver them to Judge Andersen for entry and then process the settlement.

Very truly yours,

Mary McCahill
Assistant Corporation Counsel
(312) 742-6404



Exhibit (C)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Anderson | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 3 C 7469 | DATE | 8/7/2006 |
| CASE TITLE | Flores vs. Pawelski | | |

**DOCKET ENTRY TEXT**

This case is hereby dismissed pursuant to settlement.

Docketing to mail notices.

Exhibit (E)

| | Courtroom Deputy Initials: | TSA |
|---|---|---|

Case: 1:03-cv-07469 Document #: 77 Filed: 09/12/06 Page 20 of 20 PageID #:374

## NOTE:

TO: the Clerk of the Court

This case has been dismissed pursuant to settlement; However, this motion is being filed, because the contract/Agreement is not being Honored by Defendants and therefore, I'm requesting that the court enforce the agreement as stipulated at both the settlement conference and in open court in front of the Honorable Magistrate Judge Maria Valdez. please see: This motion for further Details.

Respectfully: Fernando R. Lloyd